IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Andrea Lukin, M.D. | : | |
| | : | Case No. C-1-03-874 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| The Health Alliance of Greater | : | PLAINTIFF'S MOTION FOR |
| Cincinnati *et al.* | : | NEW TRIAL |
| | : | |
| Defendants | : | |

This matter comes before the Court on Plaintiff Andrea Lukin's Motion for New Trial (doc. #74).  On April 12, 2005, the jury returned a verdict for all Defendants on all counts in this case.  Lukin now moves for a new trial on her breach of contract and promissory estoppel claims pursuant to Federal Rule of Civil Procedure 59(a) on the theory that the jury returned a verdict on those claims that is against the weight of the evidence.  For the reasons set forth below, Lukin's Motion for New Trial is **DENIED**.

Federal Rule of Civil Procedure 59(a)(1) provides that "[a] new trial may be granted . . . in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  The Sixth Circuit recognizes three grounds for granting a new trial: (1) the verdict is against the weight of the evidence; (2) the damages are excessive; or (3) the trial was influenced by prejudice or bias or otherwise unfair to the moving party.  Conte v. Gen. Housewares Corp., 215 F.3d 628, 637

1

(6th Cir. 2000).  Lukin argues that she is entitled to a new trial on her contract and promissory estoppel claims because the verdict was against the weight of the evidence.

"In determining whether to grant a new trial when the claim is that the verdict is against the weight of the evidence, a district court must compare and weigh the opposing evidence and it must set aside the verdict if it determines that the verdict is against the clear weight of the evidence." Clay v. Ford Motor, Co., 215 F.3d 663, 672 (6th Cir. 2000).  Lukin argues that Health Alliance breached its contract with her because there existed no cause for her dismissal under her Graduate Medical Education Contract as her performance was satisfactory.  Lukin also argues that Health Alliance made a promise of continued employment to her on which she relied to her detriment, making Health Alliance liable to her on a theory of promissory estoppel.

At trial, Lukin presented one version of events and Health Alliance another.  Regarding Lukin's breach of contract claim, a significant number of witnesses testified at trial about Lukin's poor performance and the faculty's resulting decision to dismiss her from the program.  The documentary evidence presented at trial likewise showed numerous recorded shortcomings in Lukin's performance.  With regard to her promissory estoppel claim, evidence was presented at trial that Lukin did not pursue opportunities available to her, supporting the inference that she did not, in fact, rely to her detriment on any alleged promise that Health Alliance may have made.  Sufficient evidence was presented at trial to support Health Alliance's version of events.  Jurors heard multiple witnesses' testimony, weighed the facts, assessed the credibility of witnesses, and found that Health Alliance had not breached its contract with Lukin and that it was not liable to her on a theory of promissory estoppel.  "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper."  Barnes v. Owens-Corning Fiberglas Corp., 201

F.3d 815, 821 (6th Cir. 2000) (citing <u>Holmes v. City of Massillon</u>, 78 F.3d 1041, 1048 (6th Cir. 1996)).  Since the result reached by the jurors is reasonable in light of the evidence presented at trial, a new trial is improper.

For the foregoing reasons, Lukin's Motion for New Trial (doc. #74) is **DENIED**.

IT IS SO ORDERED.

    ___s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge